IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDREW BINNS and DEBRA BINNS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 416-071 |
| | * | |
| CHRISTINA SAXE and ADAM LAWRENCE SAXE, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

This is an action by Plaintiffs to enforce a foreign money judgment entered in favor of Plaintiffs and against Defendants. More specifically, on September 3, 2015, Plaintiffs obtained a judgment against Defendants and two non-parties, Cherin Marmon-Saxe and Nicola Kim Marmon-Saxe (the "Non-Parties"), in the County Court at West Cumbria, England (the "Foreign Judgment"). (See Compl., Doc. 1, Ex. 1.) The Foreign Judgment was entered against Defendants and the Non-Parties in the principal amount of £308,234.59 along with £20,193.90 in interest.[1] (Id.) The Foreign Judgment required Defendants and the Non-Parties to pay the aforementioned sums – along with an interim payment £15,000.00 towards Plaintiffs' costs – to Plaintiffs within fourteen days of its entry, with interest to accrue on all

---

[1] On the date of the Foreign Judgment's entry, the conversion rate for converting the British Pound to the U.S. Dollar was 1.5255. (Compare Compl. ¶ 15, with Ans., Doc. 8, ¶ 15.)

outstanding payments at a rate of eight percent (8%) per annum. (Id.)  Defendants have not appealed the Foreign Judgment. (Compare Compl. ¶ 14; with Ans., Doc. 8, ¶ 14.)  Significantly, Defendants admit that the Foreign Judgment "is final, conclusive and enforceable in the United Kingdom and is not subject to further appeal."  (Compare Compl. ¶¶ 14, 17; with Ans. ¶¶ 14, 17.)

On March 14, 2016, Plaintiffs filed this diversity action against Defendants as a foreign judgment creditor pursuant to Georgia's Uniform Foreign-Country Money Judgments Recognition Act, O.C.G.A. § 9-12-110, et seq. (the "Recognition Act"), seeking to recover on the Foreign Judgment against Defendants. (See Compl., generally.)  Defendants were served with process on May 11, 2016 and filed their answer to Plaintiffs' complaint on May 24, 2016.  (Docs. 6, 7, 8.)  On February 16, 2017, Plaintiffs filed a Motion for Recognition of Foreign Country Money Judgment.  (Doc. 17.)  On March 20, 2017, this Court provided Defendants with notice that it intended to treat Plaintiffs' Motion for Recognition as a motion for summary judgment and allotted Defendants ten days to respond thereto. (Docs. 18, 19.)

On March 29, 2017, the parties submitted a Joint Notice of Agreement to Consent Judgment attaching thereto a proposed consent final judgment (the "Consent Final Judgment") to be entered by this Court.  (Docs. 20, 20-1.)  The Joint Notice is

2

signed by each party and states that the parties have reached settlement on all matters pending in the present action. (Doc. 20.) Similarly, the Consent Final Judgment is signed by each party. (Doc. 20-1.)

Upon due consideration of the pleadings, filings, and other matters properly before the Court, the Court finds that the entry of judgment on the terms set forth in the Consent Final Judgment is appropriate under the Recognition Act and other relevant law. **IT IS THEREFORE ORDERED** that the parties' Joint Notice of Agreement to Consent Judgment (doc. 20) is **GRANTED** and that the attached Consent Final Judgment is **ENTERED** on the record of this case. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiffs and against Defendants in accordance with the terms of the Consent Final Judgment and to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of April, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDREW BINNS and<br>DEBRA BINNS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIVIL ACTION |
| CHRISTINA SAXE and<br>ADAM LAWRENCE SAXE, | )<br>)<br>) | FILE NO. CV416-071 |
| Defendants. | )<br>) | |

## CONSENT FINAL JUDGMENT

The Court, with the consent of all parties, as evidenced by the signatures of the undersigned counsel, hereby FINDS, ORDERS and ADJUDGES as follows.

### FINDINGS

This action arises under the Georgia Uniform Foreign Country Money Judgments Recognition Act, O.C.G.A. §§ 9-12-113, *et seq*. Plaintiffs obtained a Judgment in the County Court of West Cumbria, England on September 3, 2015 (the "UK Judgment"), in the principal amount of £308,234.59 GBP (approximately $470,211.87), jointly and severally, against the Defendants in the above-styled action (the "Georgia Defendants" and the "Georgia Action," respectively) and the defendants in a pending companion case styled *Andrew Binns and Debra Binns v. Cherin Marmon Saxe and Nicole Kim Marmon-Saxe*, United States District Court,

Western District of North Carolina, Civil Action File No. 1:16-CV-00066 (the "North Carolina Defendants" and the "North Carolina Action," respectively). The UK Judgment arises out of a claim on certain loans by Plaintiffs to the Georgia Defendants and North Carolina Defendants and other issues relating to Defendants' ownership and operation of an inn known as Ravenstone Manor. Plaintiffs, the Georgia Defendants and the North Carolina Defendants, wishing to avoid the investment of further resources in litigation and collection actions, have agreed to globally resolve the issues between them and have consented to the entry of this Consent Final Judgment.

## JUDGMENT

1.  <u>Entry of Judgment</u>. The UK Judgment is recognized as a valid, final, conclusive judgment of the United Kingdom which is enforceable and entitled to full faith and credit under the Georgia Uniform Foreign Money Judgments Act, O.C.G.A. §§ 9-12-113, *et seq*. Accordingly, final judgment is hereby entered in favor of Plaintiffs and against the Georgia Defendants jointly and severally in the principal sum of $537,335.48 (£434,956.95 GBP). The parties have agreed that corresponding documentation[1] may be entered in the North Carolina Action jointly and severally against the North Carolina Defendants.

---

[1] The North Carolina Defendants have agreed to a settlement secured by a confession of judgment which shall not be filed except in the event of a breach.

2.  <u>Satisfaction of Judgment.</u>  The Defendants may satisfy this Consent Final Judgment (and the corresponding UK Judgment and North Carolina obligation) by paying the aggregate sum of thirty-two thousand pounds sterling (£32,000.00 GBP) within fourteen (14) days of the entry of this Consent Final Judgment, and thereafter paying two thousand four hundred pounds sterling (£2,400.00 GBP) per month for thirty (30) consecutive months, with the first monthly payment due on May 1, 2017 and subsequent payments to be received on the 1st day of each month thereafter. Upon the timely payment of all sums owed under this Consent Final Judgment, Plaintiffs shall enter a Satisfaction of Judgment in all jurisdictions in which judgment has been entered in favor of Plaintiffs and against Defendants (including, but not limited to this Court, the County Court of Cumbria, England and, if applicable, the United States District Court for the Western District of North Carolina). All payments shall be owed in the foregoing amounts in British pounds sterling, regardless of any fluctuations in currency values and net of any bank or transfer charges, and paid direct to the Plaintiff's account, details of which shall be supplied to the Defendants' undersigned counsel.

3.  <u>Notice of Default/Cure.</u>  In the event that Defendants fail to make timely payment of any of the foregoing sums, Plaintiffs shall notify Defendants by email of such failure, by sending by email to each of the following addresses/email addresses:

>Adam Saxe
>Christina Saxe
>1415 E 49th Street
>Savannah 31404
>legalese22@gmail.com
>
>With a copy to:
>
>William Brent Ney
>Ney Hoffecker Peacock and Hayle, LLC
>1360 Peachtree Street
>Suite 1010
>Atlanta, Georgia 30309
>william@nhphlaw.com
>
>and
>
>Nicola Kim Marmon-Saxe
>Cherin Marmon-Saxe
>c/o Vann Attorneys
>1720 Hillsborough Street, Suite 200
>Raleigh, NC 27605
>jdavies@vannattorneys.com

or such other addresses/email addresses as Defendants may in the future supply. Defendants shall have three (3) days from the receipt of such notice in which to cure any alleged payment default, and such payment shall be considered timely for purposes of Paragraph 2 of this Consent Final Order if received in Plaintiffs' account within the three-day cure period.

4.   <u>Forbearance.</u>  So long as the Settlement Payments are timely made (or cured within the three-day cure period established in Paragraph 3), Plaintiffs shall forebear from collection activities of any kind.  In the event that Defendants default upon any

payment and fail to cure as outlined above, Plaintiffs shall be entitled to collect the full amount of the UK Judgment, less any payments made, jointly and severally from any of the Georgia Defendants and/or the North Carolina Defendants.

5.      <u>Waiver and Release of Claims</u>.  Except for those claims listed separately in this Paragraph, the parties hereby waive and release all claims of every kind against the other, in every capacity (including as officers, directors and/or agents of Ravenstone Manor, Ltd.), arising out of the matters, actions and allegations which form the basis of this action, the North Carolina action and the previous action in the United Kingdom, or which otherwise arise out of any financial arrangement or other relationship between the Plaintiffs, on the one hand, and the Georgia Defendants and/or North Carolina Defendants on the other hand, which precedes the date of this Consent Final Judgment, including but not limited to any issue relating to Ravenstone Hotel, Ravenstone Manor and Ravenstone Manor, Ltd.  The parties intend that this waiver and release be given the broadest interpretation allowed by law.  The claims specifically excluded from this waiver and release are those arising out of the enforcement of this Consent Final Judgment, and the corresponding UK Judgment and North Carolina obligations.  Each party shall be responsible for their own attorneys' fees.

SO ORDERED this 3rd day of April, 2017.

_____
HONORABLE J. RANDALL HALL
Judge, United States District Court
Southern District of Georgia

Consented to by:

/s/Manori de Silva
MANORI DE SILVA
Georgia Bar No. 276087
Admitted *Pro Hac Vice*
Attorney for Plaintiffs

Stanton Law, LLC
410 Plasters Avenue
Suite 200
Atlanta, Georgia 30324
404-881-1288
manori.desilva@stantonlawllc.com

Consented to by:

/s/William Brent Ney
WILLIAM BRENT NEY
Georgia Bar No. 542519
Attorney for Defendants

Ney Hoffecker Peacock & Hayle, LLC
One midtown Plaza
Suite 1010
1360 Peachtree Street NE
Atlanta, Georgia 30309
404-842-7232
470-225-6646 (fax)
william@nhphlaw.com